Eastern District of Kentucky
FILED
MAR 0 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-354-JMH

STEVEN M. RENNICK, SR.     PLAINTIFF

VS:     **MEMORANDUM OPINION AND ORDER**

KENNETH L. LAWSON, II     DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court upon the plaintiff's response to the Court's earlier Show Cause Order.

On August 24, 2005, the prisoner-plaintiff initiated the instant action with the payment of the district court's $250.00 filing fee for a civil action and the submission of his *pro se* complaint. He alleged that this Court has diversity jurisdiction over his claims pursuant to 28 U.S.C. §1332, because the defendant Lawson is a resident of Ohio, and the plaintiff is incarcerated at FMC-Lexington, in Kentucky; thus they are diverse.

In his complaint, the plaintiff demanded compensation from the defendant, an attorney, for damages proximately caused by (1) "the defendant's negligence, indifference, deceit, misrepresentation, fraud, and malpractice in the defendant's role as legal counsel for the plaintiff"; and (2) the defendant's denying him his Fifth and Sixth Amendment rights to due process and effective assistance of counsel, which the Court has construed as a civil rights claim.

When 120 days had passed without any indication that the plaintiff had served the complaint on the defendant or had taken any other action to further his cause, on January 4, 2006, this Court issued its Show Cause Order, wherein the Court informed the plaintiff that it was considering dismissal of his case on several grounds and granted him 30 days in which to show cause why it should not be dismissed on these grounds [Record No. 2].

The plaintiff has timely responded to the Court's Order. In a pleading filed February 7, 2006 [Record No. 3], he informs the Court that the instant action was the third of four fee-paid lawsuits which he brought in 2005. Several times he, and his sister on his behalf, had dutifully requested summons forms from the Clerk of the Court for service on all of the defendants named therein, but the Clerk had repeatedly refused to send the forms and rebuffed them with the explanation that "[a]ll complaints were initially sent to the pro se department for screening." *Id.* at 2. Therefore, he states, he "patiently" awaited word from the Court to proceed but got no further instructions. To support his claim, the plaintiff attaches to his response copies of telephone records showing multiple long distance calls to the telephone number of the Clerk of this Court, during the relevant period, from August to November of 2005.

Although the plaintiff insists that his failure to serve the instant defendant has not been his fault and so he should not be punished based on lack of service within the 120 days provided in Federal Rule of Civil Procedure 4(m), he does admit that he has filed this action in the "wrong jurisdiction." Therefore, the plaintiff asks, "if possible, that this matter be transferred to the proper jurisdiction or dismissed without prejudice to allow for re-filing." *Id.* He does not address any of the other grounds for dismissal which the Court warned would warrant dismissal of the instant cause

2

of action.

Accordingly, in light of the plaintiff's response to the Court's Show Cause Order and his alternative request for dismissal without prejudice which is contained therein, **IT IS ORDERED** that the instant action is **DISMISSED**, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This the 3d day of March, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: